Deaderick, J.,
delivered the opinion of the court..
At the last term of this court, a decree was rendered in favor of the complainant against the defendant, Jacobi, and also against the sureties on his bond for the appeal from the decree of the chancery court at Memphis, for $993.83. This decree directed the clerk of this court to sell certain lots in Memphis, attached by the complainant as belonging to the defendant, Jacobi, for the satisfaction of the amount, with interest and costs, adjudged to be due from him to complainant, and to make his report to the April term, 1873, of this court, unless the amount of the decree and costs should be paid into his office within one hundred days after the rendition of the decree. The clerk reported to the present term, that the parties had wholly failed to pay any part of the sum decreed against them, and that the property ordered to be- sold by this court had been previously sold by the decree of the First Chancery Court of Memphis, to satisfy the vendor’s lien, reserved in the sale to defendant; that the property had brought only the balance due to the vendor for unpaid purchase money; that the title had been vested by said chancery court in the purchaser, and that he had been placed in the possession of the property; and that, for this reason, and because of instructions of the complainant’s solicitors. he had made' no sale.
*91 By the decree of this court, ordering the clerk to sell, he "was directed to report his execution of said decree to the present term of this court, until which time all other matters were reserved. Upon the coming in of said report, the complainant moved for an execution upon the decree against Jacobi, and Joseph Fransioli and Leon Cahoupe, his sureties, which was granted. The sureties, Fransioli and Cahoupe, have filed their petition, and entered a motion, to annul the order made at the present term, and also to vacate the decree made at the last term, against them.
The ground upon which the decree of the last term is sought to be vacated, is, that it was rendered through inadvertence and oversight.
Sections 2877, 2878, and 4501, of the Code, empower this court, at a subsequent term, to correct clerical errors, mistakes, and omissions, in judgments or decrees, inadvertently, or by oversight, made at a previous term.
It is argued that the court had, at its last term, inadvertently rendered judgment upon the appeal bond, for the amount of the decree below, against the sureties, when, by the terms of the bond, no such decree or judgment was warranted.
The stipulations of the bond are, that the defendant and his sureties are bound to the complainant in the penalty of $1,998, to be void if the said Jacobi shall prosecute his appeal with effect, and obey all orders made by said court in the cause, and pay all such costs and damages as shall be awarded against him by said supreme court.
*92 This bond is not simply one for costs and damages. It is, in effect, a bond obligating the sureties to abide by and perform whatever decree may be rendered against their principal in this court. Upon such a bond, the sureties are liable for the amount of the decree below against their principal. „
In the court below, an account was ordered by the Chancellor, and a report made, which, after exception allowed, was confirmed, and a decree was entered, in favor of the complainant, for $998.83. *
This decree being for a specific sum of' money, and ■against the party in his own right, the appeal bond was properly taken in double the amount of the sum decreed, and for the payment of the amount of the decree, damages and costs; or, what is equivalent thereto, to perform or obey the orders of the court. Such a bond in such case is required by sec. 3164 of the Code.
The act of 1870-71 has . no application to this case, having been enacted, February 1, 1871, after the rendition of the decree, and the execution of the bond in question. See Thompson & Steger’s Statutes, see 3164, a.
There was, therefore, neither mistake nor inadvertence in the decree . at the last term. It was intended to be rendered against the sureties; and it is not within the cases provided for, even if it had been erroneous, which we do not think it was.
We think the clerk’s report, which is unexcepted to, shows sufficient grounds for not selling the land. When it was purchased by the defendant, Jacobi, a *93 lien was reserved for the purchase money, which was enforced, and was superior to any claim of the creditors of Jacobi.
That being so, to release the sureties from the obligation their bond imposes, simply because it turns out that the defendant, Jacobi, had no available interest in the land attached, and ordered to be sold, would be unjust to the complainant, and in disregard of his rights.
It follows that the sureties are liable for the amount heretofore adjudged against them, and that an execution was properly allowed to issue, to enforce the decree rendered at the last term.
The petition will be dismissed, at the cost of the petitioners.